IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00934-CYC

CAN IV PACKARD SQUARE LLC,

    Plaintiff,

v.

HARBOR REAL ESTATE COMPANY, LLC, and
CRAIG E. SCHUBINER,

    Defendants.

---

## ORDER
---

**Cyrus Y. Chung, United States Magistrate Judge**.

Contending that this Court's denial in part of his motion to compel, ECF No. 93, amounts to manifest injustice, defendant Craig E. Schubiner moves for reconsideration of that ruling. ECF No. 127. But his attacks on that ruling provide no basis to reconsider it. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

The background of this case is recounted more extensively in this Court's opinion resolving the defendants' motion for summary judgment. *Can IV Packard Square LLC v. Harbor Real Estate Co.*, Civ. No. 23-cv-00934-MEH, 2024 WL 4474768 (D. Colo. Aug. 16, 2024). For purposes of this motion, a more succinct summary suffices.

According to the Complaint, in October 2014, plaintiff Can IV Packard Square LLC made a construction loan to a limited liability company Schubiner controlled. ECF No. 4 ¶ 6. Schubiner executed a Non-Recourse Carve Out Guaranty (the "Guaranty") providing that the

plaintiff could collect against him personally under specified circumstances. *Id.* In December 2019, a Michigan state court found such conditions to be satisfied, entering a roughly $14 million judgment against Schubiner. *See id.* at 34-35.

This case concerns the plaintiff's attempts to collect on that judgment. In March 2020, the plaintiff domesticated the Michigan judgment. *Id.* at 40-41 & ¶ 20. Days later, Schubiner conveyed a property in Aspen, Colorado (the "Property") to defendant Harbor Real Estate Company, LLC for no consideration, allegedly to place the property out of the reach of the judgment. *Id.* ¶ 21-24. The plaintiff therefore filed this action in April 2023, asserting claims for fraudulent transfer, unjust enrichment, and reverse corporate veil-piercing. *Id.* ¶¶ 30-77.

The defendants moved to dismiss, claiming primarily that the issue had already been litigated in Michigan state court. ECF No. 17. Then-Chief Magistrate Judge Michael E. Hegarty denied the motion, finding that the Property was not the subject of a Michigan judgment. *Can IV Packard Square LLC v. Harbor Real Estate Co.*, Civ. No. 23-cv-00934-MEH, 2023 WL 11956417, at *7-8 (D. Colo. Sept. 12, 2023). Nine days later, the defendants sought reconsideration, ECF No. 33, and Judge Hegarty denied that motion. *Can IV Packard Square LLC v. Harbor Real Estate Co.*, Civ. No. 23-cv-00934-MEH, 2023 WL 11955275, at *2 (D. Colo. Oct. 10, 2023). The defendants then moved for summary judgment, contending that a Michigan court rule precluded this litigation. ECF No. 37. Judge Hegarty denied that motion on August 16, 2024. *Can IV Packard Square*, 2024 WL 4474768, at *8. The following Monday, Schubiner moved to stay this case pending an appeal. ECF No. 99. Noting that the denial of summary judgment was not an appealable final order, Judge Hegarty denied that motion. *Can IV Packard Square LLC v. Harbor Real Estate Co.*, Civ. No. 23-cv-00934-MEH, 2024 WL 4472039, at *1-2 (D. Colo. Aug. 21, 2024).

In the meantime, the discovery conflict that is the subject of this motion was brewing. At a status conference on August 6, 2024, Judge Hegarty granted Schubiner leave to file a motion to compel certain discovery allegedly relevant to an affirmative defense of unclean hands. ECF Nos. 91 at 2 & 104 at 44-47. Schubiner did so, seeking the following categories of documents:

1. Plaintiff's investment committee minutes relating to Schubiner or his properties.

2. Communications regarding Schubiner or his properties between the law firm representing the plaintiff in this matter and

    a. First American Title Company, a title search company relating to the Property;

    b. Attorneys who represented a receiver who was appointed over the construction project that was the subject of the original construction loan;

    c. Albert Berriz, the owner of the company for which the receiver worked; and

    d. A Michigan court clerk;

3. Communications regarding Schubiner or his properties between the plaintiff and

    a. Investors in the plaintiff;

    b. A real estate firm retained to sell the construction project that was the subject of the original loan;

    c. The co-CEOs of the plaintiff; and

    d. Certain employees of the plaintiff.

ECF No. 93. At a hearing on November 14, 2024, Judge Hegarty heard argument on the fully-briefed motion to compel. ECF No. 119 at 60-81. Judge Hegarty granted the motion insofar as it requested First American Title Company communications. *Id.* at 74. Otherwise, noting that the unclean hands doctrine must "relat[e] in some significant way to the subject matter of the cause

3

of action" and that it "does not exclude all wrongdoers from a court of equity," *id.* at 70, Judge Hegarty denied the remainder of the motion to compel. *Id.* at 81.

This motion followed.

## **DISCUSSION**

Though styled as a motion to "alter" or "amend" Judge Hegarty's November 14, 2024 Order, ECF No. 127, Schubiner's motion is best characterized as a motion to reconsider. *See id.* at 8-10. Courts in this District have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010) (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). Generally, though, "[a] motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Menocal v. Geo Grp., Inc.*, No. 14-cv-02887-JLK, 2015 WL 13614120, at *1 (D. Colo. Aug. 26, 2015) (quotation omitted). Courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration should not be used as a vehicle to revisit issues already addressed or to advance arguments that could have been raised in the prior briefing. *Id.*

Schubiner levies five arguments against Judge Hegarty's ruling. None are persuasive.

First, Schubiner attacks Judge Hegarty's method of resolving his motion to compel as overly cursory. ECF No. 127 at 11. It was not. Judge Hegarty had a fully-briefed motion to compel before him, *see* ECF Nos. 93, 105, 106, took oral argument on the motion, ECF No. 119 at 60-81, and announced principles of law broadly indicating that Schubiner's requests should be

4

denied, *see* ECF No. 119 at 70, 76. No more was necessary. Nor does Schubiner indicate how a more detailed rejection of his requests was required by law or, for that matter, would have made any difference. Accordingly, this provides no reason for reconsideration.

Second, Schubiner contends that Judge Hegarty ruled in reliance on material misrepresentations. ECF No. 127 at 11. That is not what happened. Schubiner points, for example, to supposed misrepresentations about investment committee documents being privileged, *id.*, but Judge Hegarty rejected his request for those documents not based on an assertion of privilege, but because he determined that what the plaintiff said about who owned the Property affected no claim or defense. ECF No. 119 at 76. Schubiner also complains about supposed misrepresentations regarding Berriz's involvement in the underlying construction project. ECF No. 127 at 11. But Berriz was never mentioned during the November 14, 2014 hearing. *See* ECF No. 119. Moreover, Schubiner's reasons for seeking documents relating to Berriz — that they could show the receiver unjustly aiding the plaintiff's recovery in the underlying Michigan judgment — fit neatly within Judge Hegarty's exclusion of discovery being sought to prove the unfairness of that judgment. *See* ECF No. 119 at 64, 70. Indeed, Schubiner concedes that the purpose of these communications would be to show that the plaintiff "controll[ed] the receiver even including to secure the underlying judgments." ECF No. 139 at 6.

Third, Schubiner suggests that the plaintiff has exhibited a pattern of discovery obstruction warranting reconsideration. As a factual matter, that is questionable. There is nothing improper, for example, about "resisting" discovery requests, ECF No. 127 at 11, if such requests go beyond what the Federal Rules of Civil Procedure permit. Moreover, as a legal matter, the remedy for discovery abuse is not then to allow irrelevant discovery. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (enumerating discovery sanctions, but not providing for an expansion of discovery

5

beyond what Fed. R. Civ. P. 26(b)(1) allows). Schubiner provides no authority to the contrary. This therefore also provides no reason to reconsider.

Fourth, Schubiner rehashes his arguments that his sought discovery advances his affirmative defenses, particularly his unclean hands defense. *Compare* ECF No. 127 at 11-12 ("Here, basic discovery will prove unclean hands.") *with* ECF No. 93 at 18 ("Defendants' requests for production are relevant to their unclean hands affirmative defense"). But Judge Hegarty already rejected that contention, and it is "abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012); *see Haslett v. Keirton, Inc.*, No. 21-cv-01112-MEH, 2022 WL 16527941, at *1 (D. Colo. Oct. 28, 2022) (noting that a motion for reconsideration "is not meant to provide the losing party with the proverbial second bite at the apple."). Moreover, as Judge Hegarty explained, "in order for the" unclean hands "doctrine to apply, the allegedly improper conduct must have an immediate and necessary relation to the claim under which relief is sought." *Colorado Korean Ass'n v. Korean Senior Ass'n of Colorado*, 151 P.3d 626, 629 (Colo. App. 2006); ECF No. 119 at 70. The discovery Schubiner seeks, which largely relates to the plaintiff's conduct in other litigation, has no such relation to the plaintiff's fraudulent-transfer theory in this case.

Finally, Schubiner suggests that Judge Hegarty's rulings have hamstrung his ability to present a defense to such an extent that he is denied due process. His argument rests on faulty premises. He characterizes, for example, the discovery denied him as "necessary to establish affirmative defenses." ECF No. 127 at 14. But Judge Hegarty ruled that the discovery was not relevant to Schubiner's asserted defenses, and Schubiner has not presented a persuasive reason to

6

reconsider that ruling. Schubiner also protests that Judge Hegarty's rulings "systematically denied" him "the means to investigate misconduct." *Id.* That misapprehends the purpose of discovery. Discovery is not a tool to conduct unrestrained investigation of an opponent. Instead, it exists to obtain evidence "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). After due consideration, Judge Hegarty determined that the requests Schubiner advanced did not accomplish that objective. That is wholly in keeping with due process.

The short of it is that Judge Hegarty properly found that an invocation of "unclean hands" did not provide Schubiner with an unfettered right to delve into every alleged bad act of the plaintiff simply because it was connected to the underlying Michigan judgment. Neither Schubiner's bare disagreement with that ruling nor petitioning for a different course of action because of the size of the plaintiff's resources, ECF No. 127 at 15, change the propriety of that finding. There is no reason to reconsider Judge Hegarty's ruling on Schubiner's motion to compel.

## CONCLUSION

For the foregoing reasons, the "Corrected Motion to Alter or Amend the November 14, 2024 Minute Order Which in Part Denied Defendant's Motion To Compel Documents Except for Communications with First American Title Company," ECF No. 127, is **DENIED.**

Entered and dated this 11th day of February, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge