IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00934-CYC

CAN IV PACKARD SQUARE LLC,

    Plaintiff,

v.

HARBOR REAL ESTATE COMPANY, LLC, and
CRAIG E. SCHUBINER,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the plaintiff's Motion for Dismissal of Plaintiff's Unjust Enrichment Claim Without Prejudice, ECF No. 171, which was filed in accordance with the Court's September 22, 2025 Order, ECF No. 170 at 19. In the motion, the plaintiff asks the Court to dismiss its unjust enrichment claim without prejudice given that the relief sought through that claim was encompassed by its constructive fraud claim, ECF No. 171 at 2, for which summary judgment was granted in the September 22, 2025 Order.

    Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022) (quotation marks omitted). "A district court should normally grant dismissal without prejudice, absent legal prejudice to the defendant." *Id*. The Tenth Circuit Court of Appeals has provided "relevant

factors" to consider such as "[1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation," *id*. (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997), but has explained that these factors are "guideposts" and the Court must consider what constitutes legal prejudice "on a case-by-case basis[ ] when deciding whether to grant voluntary dismissal without prejudice." *Id*. As a result, the Court considers these factors, "the equities facing both the plaintiff and the defendant, and 'any additional factors unique to the context of th[e] case.'" *Id*. at 1085 (quoting *Ohlander*, 114 F.3d at 1537).

    Here, the plaintiff is not seeking to dismiss all claims after forcing the defendants to litigate the case. Instead, the plaintiff is seeking dismissal of one claim after summary judgment has been granted on another claim, which has provided the plaintiff with the relief it sought. As a result, the defendants have not been prejudiced. To the contrary, by seeking summary judgment on the fraud claims and deferring action on the unjust enrichment claim, the plaintiff may have kept the defendants from expending additional resources on that claim while the Court considered the merits of the fraud claims. The Court does not find that the plaintiff lacked diligence in pursuing its unjust enrichment claim and the plaintiff has provided a sufficient and logical explanation for dismissal of this claim at this time. In addition, dismissal of this claim makes sense at this stage of the litigation because the Court has granted judgment on a different claim that effectively gives the plaintiff the relief it was seeking through its unjust enrichment claim. In short, the plaintiff brought several claims based on different theories of the case, it was granted judgment on one of those claims, and, as a result, it no longer needs to pursue the unjust enrichment claim. Dismissal of that claim at this stage is, therefore, an efficient and logical

means of concluding this case. *See, e.g.*, *AMG Nat'l Corp. v. Wright*, No. 20-cv-02857-PAB-KAS, 2024 WL 4361865, at *2 (D. Colo. Oct. 1, 2024) (dismissing two remaining claims without prejudice after entering default judgment on certain claims).

## CONCLUSION

For the foregoing reasons and without awaiting a response from the defendants, *see* D.C.COLO.LCivR 7.1(d), it is hereby ORDERED that the Motion for Dismissal of Plaintiff's Unjust Enrichment Claim Without Prejudice, ECF No. 171, is **GRANTED**.

It is further ORDERED that the plaintiff's unjust enrichment claim is **DISMISSED without prejudice**.

It is further ORDERED that **JUDGMENT** shall enter in favor of Plaintiff Can IV Packard Square, LLC, and against Defendants Harbor Real Estate Company, LLC, and Craig E. Schubiner, jointly and severally. *See* ECF No. 170 at 18.

It is further ORDERED that the plaintiff's Renewed Motion to Strike Jury Demand, ECF No. 118, is **DENIED without prejudice**.

The Clerk of the Court shall close this case.

DATED this 30th day of September, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge