IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00934-CYC

CAN IV PACKARD SQUARE LLC,

    Plaintiff,

v.

HARBOR REAL ESTATE COMPANY, LLC, and
CRAIG E. SCHUBINER,

    Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendants Craig E. Schubiner and Harbor Real Estate Company, LLC ("Harbor") move to alter or amend the judgment against them in this case. ECF No. 178. But such a motion is not a vehicle to rehash old arguments. That is the primary substance of their motion. It is therefore denied.

The facts of this case are outlined in the Court's previous opinion. *Can IV Packard Square LLC v. Harbor Real Est. Co.*, No. 23-cv-00934-CYC, 2025 WL 2696576, at *2–3 (D. Colo. Sep. 22, 2025). The Court assumes familiarity with those facts.

A motion to amend or alter the judgment must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The motion was timely filed here. *See* ECF No. 178. Grounds for such a motion can include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but such a motion is not a vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

The defendants make several arguments. Most rehash old ones. None amount to clear error.

*First*, they argue that the Court "assumed" for purposes of Colo. Rev. Stat. § 38-8-107 that the relevant transfer occurred in 2020, rather than in 1996. ECF No. 178 at 4. They argued this before. ECF No. 161 at 3–4. The Court disagreed. That alone makes reconsideration on this ground improper. Moreover, the Court assumed nothing. It applied the Colorado Uniform Fraudulent Transfer Act's ("CUFTA") definition of transfer to the 2020 recording and found it applied. *See Can IV Packard Square*, 2025 WL 2696576, at *4.

*Second*, they contend that Colo. Rev. Stat. § 38-8-107 cannot apply against a creditor with knowledge. ECF No. 178 at 4–5. The Court addressed this previously. *Can IV Packard Square*, 2025 WL 2696576, at *6. For the proposition that the Court's treatment was clear error, the defendants cite no cases actually dealing with the statute or any of its equivalents in other states. *See* ECF No. 178 at 4–5. That will not do. And contrary to the defendants' assertion that the Court cited no authority for its analysis, the Court did. *See Can IV Packard Square*, 2025 WL 2696576, at *6 (citing *In re Weisman*, 5 F.3d 417, 420 & n.5 (9th Cir. 1993)).

*Third*, they reiterate that Michigan law ought to excuse the lack of recording of the 1996 transaction between Schubiner and Harbor. ECF No. 178 at 5. This argument is not new. *See* ECF No. 161 at 4. And the defendants still do not explain why Michigan law dealing with LLCs makes the Court's reliance on *In re Unglaub*, 332 B.R. 303, 319 (Bankr. N.D. Ill. 2005), and *Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App. 2009), clear error. Each of those cases

indicated, as the Court held, that recording is necessary for a transfer under CUFTA and analogues in other states.

*Fourth*, the defendants argue that Colorado law makes recording unnecessary where a party has notice. ECF No. 178 at 5–6. The Court dealt with this argument. *See Can IV Packard Square*, 2025 WL 2696576, at *6 (citing Colo. Rev. Stat. § 38-35-109(1)). And the defendants' citation of non-CUFTA case law to rehash this argument does not demonstrate clear error.

*Fifth*, the defendants contend that the CUFTA transfer occurred in 1996 notwithstanding the lack of recording then. ECF No. 178 at 6. They never deal with, let alone demonstrate clear error in, the case law the Court cited that holds to the contrary. *See Can IV Packard Square*, 2025 WL 2696576, at *4. Instead, they say that the plaintiff's remedy was limited to obtaining a charging order against Schubiner's membership interest in Harbor. *See* ECF No. 178 at 6–7. That could have been argued in the summary judgment motion. And, in all events, the Tenth Circuit has rejected the argument that "a charging order is the exclusive remedy for a judgment creditor seeking to execute on a debtor's membership interest in a limited liability company." *Bartch v. Barch*, 111 F.4th 1043, 1059 (10th Cir. 2024) (quotation marks omitted).

*Sixth*, the defendants protest that the Court misapplied the bare legal title doctrine and say that Schubiner's 2020 transfer was merely ministerial. ECF No. 178 at 8, 11–12. This simply rehashes an old argument: it neither points out clear error in the Court's finding that no case law applied the doctrine to CUFTA nor in its analysis of the doctrine's interaction with implied trusts. *See Can IV Packard Square*, 2025 WL 2696576, at *5.

*Seventh*, the defendants say that the plaintiff made judicial admissions that were dispositive of the case. ECF No. 178 at 8–9. They argued that before. *See* ECF No. 161 at 3, 16. That alone suffices to defeat this contention on a Rule 59 motion. Moreover, their logic that these

3

"admissions" necessarily lead to a conclusion of clear error is comprised of a single sentence of ipse dixit. *See* ECF No. 178 at 9. That does not demonstrate clear error.

*Eighth*, the defendants state that the Court was required to look at practical evidence of ownership in its decision. ECF No. 178 at 9. Again, the argument is not new. *See* ECF No. 161 at 2. And its restatement here does not analyze how it factors into CUFTA. *See* ECF No. 178 at 9. That shows no clear error.

*Ninth*, the defendants fault the Court's mention of Schubiner's use of the property in question as collateral as assuming that Schubiner was the owner of the property. ECF No. 178 at 10–11. That misstates the Court's analysis. The Court did not say that such use proved ownership; it said that Schubiner's use of the property as collateral proved that it had some economic value to him. *See Can IV Packard Square*, 2025 WL 2696576, at *5. Whether Fannie Mae rules required that or not, it still demonstrates that the value of the property to him was not zero.

*Tenth*, the defendants contend that because the plaintiff had previous notice of Harbor's claim of ownership to the property, the doctrines of waiver and equitable estoppel apply. ECF No. 178 at 12–13. In essence, each argument posits that because the plaintiff had some knowledge of Harbor's claim of ownership in the property, its pursuit of a constructive-fraud CUFTA claim here is improperly inconsistent with its previous knowledge. But, as the Court found, CUFTA's constructive-fraud statute asks whether the ownership interest in question would prevent a good-faith purchaser from acquiring an interest in the asset, not whether a judgment creditor has notice of a private financial disclosure. *See Can IV Packard Square*, 2025 WL 2696576, at *6. There is no inconsistency meriting reconsideration. In all events, as to equitable estoppel, "[t]here are four basic elements . . . : the party to be estopped must know the

facts; this party also must intend that her conduct be acted on or must so act that the party asserting the estoppel has a right to believe the other party's conduct is so intended; the party asserting the estoppel must be ignorant of the true facts; and the party asserting the estoppel must rely on the other party's conduct to its injury." *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984). The defendants assert that estoppel is appropriate because the plaintiff knew of Harbor's ownership claim in 2014. *See* ECF No. 178 at 13. But, of course, so did they. Their argument therefore fails to satisfy the third element, as the party asserting the estoppel was not ignorant of those "true facts."

*Eleventh*, the defendants take issue with the Court's insolvency analysis. They say that it applies only when assets are actually transferred out of the debtor's estate. ECF No. 178 at 13–14. They cite no law for this proposition. CUFTA measures insolvency by comparing a debtor's debts with his assets. That is what the Court did. *See Can IV Packard Square*, 2025 WL 2696576, at *7. The defendants have not demonstrated that the analysis was clear error.

*Twelfth*, the defendants accuse the Court of resolving factual disputes against them in violation of Rule 56, pointing to the Court's mention of Schubiner's use of the property as collateral in 2013 and characterizing it as the Court finding ownership. ECF No. 178 at 14. But, again, that was not the point of the mention of the use of the property as collateral. It simply illustrated that the property was not of zero value; nothing about that analysis was meant to be a comprehensive ownership analysis.

*Thirteenth*, the defendants say that the Court ignored their claim preclusion defense. ECF No. 178 at 15–16. The Court did not do so: it noted that the defendants' invocation of claim preclusion sought relief, and that under the Local Rules and the Federal Rules of Civil Procedure, such a request must come by motion. *See Can IV Packard Square*, 2025 WL

2696576, at *9 (citing D.C.COLO.LCivR 7.1(d); Fed. R. Civ. P. 7(b)(1)). But in all events, the defendants acknowledge that claim preclusion requires identity of claims for relief, but the charging order they use as the predicate for their claim-preclusion argument is not the same as a constructive-fraud claim.

*Fourteenth*, the defendants contend that judicial estoppel applies because the plaintiff's position in Michigan that "a Charging Order will assist in capturing in come from Schubiner's limited liability companies that he uses to hold substantial real estate assets" is inconsistent with the plaintiff's assertion of constructive fraud here. ECF No. 178 at 15–16. Their quotation of the plaintiff's position is incomplete. It ends with "which he transfers to and from his solely owned business entities for purposes of shielding them from Can IV and other creditors." ECF No. 178-1 at 19. That is the position that the plaintiff took here. There is no inconsistency.

*Finally*, the defendants complain generally about the Court's ruling. ECF No. 178 at 16. The majority of their complaints arise from an idea that the 2020 property conveyance to Harbor cannot be fraud because the plaintiff knew that Harbor had asserted an interest in the property. At its core, these complaints misapprehend "the basic difference between actual fraud' and 'constructive fraud.'" *Boston Trading Grp., Inc. v. Burnazos*, 835 F.2d 1504, 1509 (1st Cir. 1987). The former "mean[s] an actual intent to defraud," such as when "the debtor in effect lies to his creditors, pretending he has no property left, when he really has some (in the hands of his friend)." *Id.* at 1508–09. If that were all the plaintiff asserted, the defendants might have a point. But the latter — the variety asserted here — comes from certain "'badges,' such as insolvency and inadequate consideration" which cause "the courts" to "presume fraud and void the transaction." *Id.* at 1509. CUFTA delineates those badges in Colo. Rev. Stat. § 38-8-106. The Court's order found that the badges were present. That results in voiding the transfer. To the

extent the defendants believe that such a result is unjust, their remedy is with the Colorado legislature or the Commissioners who drafted the uniform state laws enacted in CUFTA. But it is not grounds for reconsideration.

## CONCLUSION

For the foregoing reasons, Defendants' Rule 59(e) Motion to Alter or Amend the Judgment, ECF No. 178, is **DENIED**. As a result, Schubiner's Emergency Motion to Approve a Judgment Lien as Alternate Security and for Stay Under Rule 62(b), ECF No. 187, seeking a stay pending a ruling on ECF No. 178, is **DENIED as moot**. His Motion to Strike Exhibits from ECF 192 and for Sanctions, ECF No. 193, which seeks to strike exhibits from the plaintiff's response to ECF No. 187, is likewise **DENIED as moot**. And Defendants' Emergency Motion to Stay ECF 170, 172, and 173, ECF No. 197, which seeks a stay pending decision on post-judgment motions, is similarly **DENIED as moot**.

DATED this 29th day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge